# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

RONALD CLAY

**FILED**
KC
DEC 3 1 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**07CR 0870**

CRIMINAL COMPLAINT

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

CASE NUMBER:

I, Jeremy L. Resar, being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __December 28, 2007__ in __Cook__ county, in the __Northern__ District of __Illinois__ defendant RONALD CLAY

did commit a robbery which obstructed, delayed, and affected commerce, as "robbery" and "commerce" are defined in Title 18, United States Code, Section 1951, in that defendant, by means of actual and threatened force and violence, took from the person and presence of two United Armored Services/Garda employees approximately $48,000 in the custody, control, and possession of United Armored Services/Garda;

in violation of Title __18__ United States Code, Section(s) __1951(a)__.

I further state that I am a(n) __Special Agent with the Federal Bureau of Investigation__ and that this complaint is based on the following facts:
Official Title

See attached affidavit

Continued on the attached sheet and made a part hereof: __X__ Yes ___ No

_____
Signature of Complainant

Sworn to before me and subscribed in my presence,

__December 31, 2007__                    at __Chicago, Illinois__
Date                                      City and State

__Sidney I. Schenkier, U.S. Magistrate Judge__      _____
Name & Title of Judicial Officer                    Signature of Judicial Officer

```
COUNTY OF COOK        )
                      )
STATE OF ILLINOIS     )
                      )
```

## AFFIDAVIT

I, Jeremy L. Resar, being duly sworn under oath, state as follows:

### Introduction

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), Department of Justice, and have been so employed for approximately sixteen months. Prior to that, I was an Assistant District Attorney in Milwaukee, Wisconsin for seven years.

2. I make this affidavit from personal knowledge based upon my participation in this investigation, reports I have read, and conversations I have had with others who have personal knowledge of the events and circumstances described herein.

3. The information below is provided for the limited purpose of establishing probable cause to support a criminal complaint against RONALD CLAY ("CLAY") and does not contain all details or all facts of which I am aware relating to this investigation.

1

## Background of the Investigation

4. On December 28, 2007, at approximately 4:40 p.m., an armored vehicle owned and operated by United Armored Services/Garda ("UAS") was robbed, while in the rear of the Home Depot store located at 20808 Cicero Avenue, Matteson, Illinois. Approximately $48,000 in United States currency ("USC") was taken.

5. The driver of the armored car, Employee A, identified the robber as an individual known to Employee A as "Ronald Clay." Law-enforcement officers then showed Employee A a driver's license photo of CLAY obtained from the Illinois Secretary of State and Employee A positively identified CLAY as the robber.

6. Based on this information, on December 28, 2007, law-enforcement officers established surveillance at CLAY's residence.

7. At approximately 11:00 p.m. on December 28, 2007, law-enforcement officers observed CLAY exit his residence and place something in the trunk of a dark-colored, four-door sedan. CLAY then got into the car and drove away.

8. Law-enforcement officers followed CLAY. At approximately 11:15 p.m., law-enforcement officers stopped CLAY's vehicle. During the stop, law-enforcement officers recovered over $1,875 in USC from CLAY's person. Law-enforcement officers

also recovered empty UAS bags – used by UAS to carry currency – from the trunk of CLAY's vehicle.

9. After law-enforcement officers advised CLAY of his *Miranda* rights, CLAY signed a waiver-of-rights form and agreed to provide a statement.

10. During the interview, CLAY admitted that he robbed an armored car outside the Home Depot in Matteson, Illinois. In particular, CLAY said that he was waiting at the Home Depot on December 28, 2007 because he knew an armored car would be there at that time. CLAY stated that the rear door to the armored car was open. CLAY stated that he approached the armored car, entered through the open door and pointed a gun at the driver (Employee A), who CLAY recognized as an individual known to him. According to CLAY, he told Employee A to get on the floor and then forced him to the ground. CLAY said that he then took Employee A's gun with his left hand. According to CLAY, a second UAS employee, Employee B, then approached the armored car. CLAY said that he pointed his gun at Employee B and told Employee B to "get in the fucking truck." CLAY stated that Employee B ran from the truck. CLAY said that he then dropped Employee A's gun, grabbed a bag of money and fled from the armored car. According to CLAY, as he fled, he discarded his gun. CLAY said that he placed the bag of money in a secure place where he could retrieve

it later, went to his car and drove home. Later that same evening, according to CLAY, he left his home, retrieved the money and took it back to his home. CLAY said that he put the money in a dresser drawer in his bedroom.

11. CLAY executed a consent-to-search form for his residence. Law-enforcement officers then went to CLAY's residence and found approximately $46,590 in USC in a dresser drawer in a bedroom.

12. According to information available on UAS's website (http://www.unitedarmored.com), UAS provides cash-handling services, including armored transportation of currency, in the states of Illinois, Wisconsin, Iowa and Indiana.

## Conclusion

13. Based on the foregoing facts, Affiant respectfully submits that there is probable cause to believe that RONALD CLAY, defendant herein, did commit a robbery which obstructed, delayed, and affected commerce, as "robbery" and "commerce" are defined in Title 18, United States Code, Section 1951, in that defendant, by means of actual and threatened force and violence, took from the person and presence of two United Armored Services/Garda employees approximately $48,000 in the custody, control, and possession of United Armored Services/Garda;

In violation of Title 18, United States Code, Section 1951(a).


FURTHER AFFIANT SAYETH NOT

_____
JEREMY L. RESAR
Special Agent
Federal Bureau of Investigation



Subscribed and sworn to before
me this 31st day of December, 2007.

_____
U.S. Magistrate Judge Sidney I. Schenkier

5