

**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 2 3 2008
JuL 23 2008
JUDGE CHARLES R. NORGLE
U.S. District Court Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 870 |
| vs. | ) | Judge Charles R. Norgle |
| | ) | |
| RONALD CLAY | ) | |

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant RONALD CLAY, and his attorney, DANIEL MCLAUGHLIN, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The superseding information (the "information") in this case charges defendant with robbery, which obstructed, delayed, and affected commerce, in violation of Title 18, United States Code, Section 1951(a) (Count 1), and knowingly brandishing a firearm during and in relation to a crime of violence, namely, the robbery charged in Count One, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Count 2).

3. Defendant has read the charges against him contained in the information, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant is Pleading Guilty

5.  By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Two of the information. Count One charges that defendant, by means of actual and threatened force and violence, took from the person and presence of two United Armored Services employees approximately $48,000 in the custody, control, and possession of United Armored Services, in violation of Title 18, United States Code, Section 1951(a). Count Two charges that defendant knowingly used, carried and brandished a firearm during and in relation to a crime of violence, namely, robbery, in violation of Title 18, United States Code, Section 1951(a), as more fully set forth in Count One of the information, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6.  Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Two of the information. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

    a.  With respect to Count One of the information: On or about December 28, 2007, in Matteson, Illinois, defendant committed a robbery which obstructed, delayed, and affected commerce, as "robbery" and "commerce" are defined in Title 18, United States Code, Section 1951, in that defendant, by means of actual and threatened force and violence,

took from the person and presence of two United Armored Services ("UAS") employees approximately $48,000 in the custody, control, and possession of UAS.

In particular, on December 28, 2007, defendant approached a Home Depot store in Matteson, Illinois. A UAS armored truck was at the Home Depot. Individual A, a UAS employee, had previously informed defendant that a UAS armored truck was going to be at the Home Depot store at that particular time. More particularly, prior to December 28, 2007, defendant had met with Individual A and discussed robbing a UAS armored truck and Individual A supplied defendant with information relating to his/her work as a UAS armored truck driver, including routes, pick-up locations and the amounts of money generally carried in UAS armored trucks.

When defendant approached the UAS armored truck on December 28, 2007, he was carrying a gun, specifically, a Smith & Wesson Model SW 380, .380 caliber pistol, serial number RAE4558. Upon approaching the UAS armored truck, defendant encountered Individual A, who was one of two UAS employees driving the UAS armored truck on that day. The second employee, Individual B, had entered the Home Depot store to pick up Home Depot's deposits. In carrying out the robbery, the defendant disarmed Individual A and pointed his gun at Individual A. When Individual B arrived back at the truck, defendant pointed his gun at Individual B and ordered him/her to enter the truck. Defendant then took approximately $48,000 from the UAS armored truck in the presence of Individual A and left the scene. Some of those funds belonged to a financial institution.

Defendant further admits that the robbery affected interstate commerce because UAS operates in the states of Illinois, Indiana, Wisconsin, Iowa, Ohio and Minnesota.

b. With respect to Count Two of the information: Defendant knowingly used, carried and brandished a firearm, namely, a Smith & Wesson Model SW 380, .380 caliber pistol, serial number RAE4558, during and in relation to a crime of violence, namely, the robbery alleged in Count One of the information.

In particular, during the robbery alleged in Count One of the information, the defendant carried the .380 caliber pistol on his person and pointed it at Individual A and Individual B during the robbery.

## Maximum Statutory Penalties

7. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count One carries a maximum sentence of 20 years' imprisonment. Count One also carries a maximum fine of $250,000. Defendant further understands that with respect to Count One the judge also may impose a term of supervised release of not more than three years.

b. Count Two carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 84 months. The sentence of imprisonment on Count Two is required to be consecutive to the sentence on Count One. Count Two also carries a maximum fine of $250,000. Defendant further understands that with respect to

Count Two, the judge also may impose a term of supervised release of not more than five years.

  c. Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

  d. In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

  e. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is 84 months' imprisonment. In addition, defendant is subject to a total maximum fine of $500,000, a period of supervised release, and special assessments totaling $200, in addition to any restitution ordered by the Court.

## Sentencing Guidelines Calculations

8. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

  a.  **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

  b.  **Offense Level Calculations.**

    i.  The base offense level for the charge in Count One of the information is 20, pursuant to Guideline §2B3.1(a).

    ii.  The offense level for the charge in Count One should be increased two levels because the property of a financial institution was taken, pursuant to Guideline §2B3.1(b)(1).

    iii.  The offense level for the charge in Count One should be increased one level because the loss exceeded $10,000 but was less than $50,000, pursuant to Guideline §2B3.1(b)(7)(B).

    iv.  Pursuant to Guideline § 2B3.1(b)(2), the offense level would be increased by five levels because defendant brandished and possessed a firearm during the offense. This enhancement does not apply in this case, however, because of defendant's plea of guilty to Count Two, charging a violation Title 18, United States Code, Section 924(c).

    v.  Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to

accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

    vi.  In accord with Guideline §3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline §3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

  c.  **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

  d.  **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated offense level is 20, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory Sentencing Guidelines range of 33 to 41 months' imprisonment with respect to Count One. With respect to Count Two, defendant is subject to a term of 84 months'

imprisonment, to be served consecutively to the sentence imposed on Count One. In addition, defendant is subject to any supervised release, fine, and restitution the Court may impose.

  e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

  f. Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant

shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Agreements Relating to Sentencing

10. The government agrees to recommend that sentence be imposed within the applicable guidelines range and to make no further recommendation concerning at what point within the range sentence should be imposed.

11. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

12. Regarding restitution, the parties acknowledge that the total amount of restitution owed to victim(s) is approximately $48,000, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, § 3663A, the Court must order defendant to make full restitution in the amount outstanding at the time of sentencing. Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

13. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Forfeiture

14.     The information charges that defendant is liable to the United States for approximately $48,000, which funds are subject to forfeiture because those funds constitute proceeds of the violation alleged in Count One. By entry of a guilty plea to Count One of the information, defendant acknowledges that the property identified above is subject to forfeiture.

15.     The information further charges that defendant must forfeit to the United States one Smith & Wesson, Model SW 380, .380 caliber pistol, serial number RAE4558, which property is subject to forfeiture because it was involved in the violation alleged in Count Two. By entry of a guilty plea to Count Two of the information, defendant acknowledges that the property identified above is subject to forfeiture.

16.     Defendant agrees to the entry of a forfeiture judgment in the approximate amount of $48,000, and relating to one Smith & Wesson, Model SW 380, .380 caliber pistol, serial number RAE4558. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the above-described funds and property and further agrees to the seizure of these funds and property so that these funds and property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture.

17. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

### Presentence Investigation Report/Post-Sentence Supervision

18. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

19. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

20. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release to which defendant is

sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

21. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 870.

22. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

## Waiver of Rights

23. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

   a. **Right to be charged by indictment.** Defendant understands that he has a right to have the charges prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members. By signing this Agreement, defendant knowingly waives his right to be prosecuted by indictment and to assert at trial or on appeal any defects or errors arising from the information, the information process, or the fact that he has been prosecuted by way of information.

   b. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

      i. The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

      ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where

actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the information separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

        iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

        v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

        vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could

require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

    vii.  At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  c.  **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 calendar days of the entry of the judgment of conviction.

  d.  Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Other Terms

24.  Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

### Conclusion

25. Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

26. Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

27. Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

28. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

29. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 7/23/08

_____
PATRICK J. FITZGERALD
United States Attorney

_____
RONALD CLAY
Defendant

_____
J. GREGORY DEIS
Assistant U.S. Attorney

_____
DANIEL MCLAUGHLIN
Attorney for Defendant